**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. MC-17-08001-PCT-JJT |
| Petitioner, | **ORDER** |
| v. | |
| Michael L. Higgins, | |
| Respondent. | |

At issue are the Respondent's Motion to Dismiss (Doc. 21) and the United States' Motion for Attorney Fees (Doc. 30).

On October 31, 2017, the United States notified the Court that *pro se* Respondent Michael L. Higgins is "in sufficient compliance with his obligations under the summons and the Court's order enforcing it." (Doc. 29.) As a result, the issues in this matter are resolved and the pending Motion (Doc. 21) is moot.

The United States is eligible to recover its attorney's fees in this matter. Under 26 U.S.C. § 7402(a), the "district courts of the United States at the instance of the United States shall have such jurisdiction . . . to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." Concurrently, federal district courts have inherent power to enter civil contempt sanctions, including an award of attorney's fees and costs, to compensate a petitioner for expenses. *See Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517-18 (9th Cir. 1992). Civil contempt sanctions designed to compensate must be based on actual losses the petitioner sustained as a result

of the respondent's refusal to comply with court orders. *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1148 (9th Cir. 1983). Actual losses may include attorney's fees. *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985).

Considering the amount of time and work the United States expended in enforcing the I.R.S. summons issued to Respondent, which necessitated seeking five subsequent Orders from this Court, the United States is entitled to recover its attorney's fees. *See, e.g.*, *United States v. Baroody*, No. CV-08-910-PHX-ROS (LOA), 2009 WL 2634149, at *3-4 (D. Ariz. Jan. 21, 2009) (recommendation adopted in 2009 WL 2219286). In his Response, Respondent is incorrect that he had the "right to decline [the United States'] invitation" to comply with Court Orders (Doc. 31 at 2), and the United States worked for over one year to obtain Respondent's compliance with the Summons and the Court's subsequent Orders. Respondent contends that he should not be subject to sanctions because he ultimately had no additional tax obligation (Doc. 31 at 3), but, even if true, the United States could not make that determination without Respondent's compliance with the Summons and Court Orders, which Respondent failed to provide for over a year.

Respondent does not contest the reasonableness of the attorney's fees amount sought by the United States. The Court finds the requested hourly rate to be well within the prevailing market rate, *see Schwarz v. Sec'y of Health & Human Servs.* 73 F.3d 895, 906 (9th Cir. 1995), and finds the number of hours expended both reasonable and adequately supported by affidavit and itemized statement. (Doc. 30 at 7 & Ex. 1.) Accordingly, the Court will award the United States its reasonable attorney's fees, specifically, $6,654.82 payable within 30 days.

IT IS THEREFORE ORDERED denying as moot Respondent's Motion to Dismiss (Doc. 21).

IT IS FURTHER ORDERED granting Petitioner the United States' Motion for Attorney Fees (Doc. 30).

IT IS FURTHER ORDERED that, within 30 days of the date of this Order, Respondent Michael L. Higgins shall pay to Petitioner the United States the sum of

$6,654.82, by delivering to counsel for the United States a cashier's or certified check made payable to the United States.

IT IS FURTHER ORDERED directing the Clerk of Court to close this matter.

Dated this 28th day of August, 2018.

Honorable John J. Tuchi
United States District Judge